THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Case No.   23-379-ABJ |
| CHRISTOPHER BROADY | * | |

* * * * *

## DEFENDANT'S MOTION TO DISMISS INDICTMENT FOR VIOLATION OF THE CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL

Christopher Broady, by and through counsel, Alfred Guillaume III, moves this Honorable Court to dismiss the indictment in the above captioned case with prejudice. The grounds for this relief are as follows:

### I.   INTRODUCTION

Christopher Broady has been continuously detained since September 2023 without trial. The case has been postponed numerous times over his objection. While Mr. Broady has consented to some continuances, he has consistently asserted his right to a speedy trial. Following the government's most recent superseding indictment, the October 6, 2025, trial date has been vacated. Additionally, on September 29, 2025, the government informed the Court that it intends to file a Third Superseding Indictment absent a resolution of the current case by way of plea agreement. The government's filing of a third superseding indictment would further delay proceedings, likely into the fall of 2026, more than two years after Mr. Broady was first detained. In short, the government's conduct violates Mr. Broady's constitutional right to a speedy trial under the Sixth Amendment. Dismissal is therefore required.

### II.   PROCEDURAL BACKGROUND

1

On September 12, 2023, Mr. Broady was charged by indictment. On September 14, 2023, Mr. Broady was arrested in the instant case. On September 15, 2023, Mr. Broady was detained pending a detention hearing on September 20, 2023. On September 20, 2023, Mr. Broady was ordered detained pending trial, and time was excluded until September 22, 2023. On September 22, 2023, time was excluded until October 6, 2023. On October 6, 2023, the Court excluded time until November 15, 2023. On November 15, 2023, time was excluded until November 17, 2023. On November 17, 2023, the Court excluded time until January 18, 2024. On January 10, 2024, the Court excluded time until February 10, 2024.

On February 8, 2024, Mr. Broady was charged in a superseding indictment. On February 12, 2024, he was arraigned on the superseding indictment. On that date, the Court excluded time until March 12, 2024. On March 12, 2024, Mr. Broady objected to tolling time until April 5, 2024. On April 4, 2024, the Court excluded time until April 19, 2024. On April 19, 2024, the Court excluded time, over Mr. Broady's objection, to April 30, 2024. On April 30, 2024, Mr. Broady consented to excluding time until June 5, 2024. On June 5, 2024, the Court scheduled trial for April 7, 2025, and excluded time until the trial date. On February 7, 2025, the government moved to continue the April 7, 2025, trial date. On February 12, 2025, Mr. Broady objected to the continuance of the April 2025 trial. On February 19, 2025, the Court granted the government's continuance, and scheduled trial for October 6, 2025, over Mr. Broady's objection. On February 20, 2025, Mr. Broady filed a motion to suppress tangible evidence. On June 10, 2025, the Court heard arguments on the motion to suppress. On July 9, 2025, the Court denied Mr. Broady's suppression motion. On August 26, 2025, the government moved to convert the October 6, 2025, trial date to a status conference. On September 10, 2025, the government filed a second superseding indictment, adding an additional co-defendant. On September 26, 2025,

over Mr. Broady's objections, the Court vacated the October 6 trial date and excluded time until October 10, 2025.

### III.    LEGAL STANDARD

The Sixth Amendment to United States Constitution guarantees persons accused of a crime to a speedy trial. *In Barker v. Wingo*, 407 U.S. 514, (1972), the Supreme Court established a four-factor test to determine whether a defendant's right to a speedy trial has been violated. The Court noted that "[w]e identify four factors which courts should assess in determining whether a particular defendant has been deprived of his right: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant." *Id*. at 530.

### IV.    ARGUMENT

**A. Christopher Broady's Right to a Speedy Trial Has Been Violated.**

Mr. Broady has been detained since September 14, 2023, over thirteen months, with no trial scheduled and multiple continuances. The delay in Mr. Broady's case is "presumptively prejudicial"[1], and the current indictment must be dismissed. Many of the delays have resulted from Government requested continuances and superseding indictments. Although each continuance included findings under 18 U.S. Code § 3161(h)(7), they collectively demonstrate delay inconsistent with the Sixth Amendment's purpose. Mr. Broady has repeatedly asserted his right to a speedy trial, noting his objections at least four times, including in March 2024. Mr. Broady's prolonged pretrial incarceration has caused significant prejudice, including but not limited to being in custody at the D.C. jail for over a year. The *Barker* factors weigh in favor of Mr. Broady. The extraordinary duration of his detention, combined with the Government's

---

[1] See Doggett v. United States, 505 U.S. 647, 652 n. 1. (1992)

threat of continuous superseding indictments, and continuances over Mr. Broady's objection, establish a clear violation of the Sixth Amendment's Speedy Trial Clause.

## V. CONCLUSION

For the foregoing reasons, including the length of detention, cumulative prejudice and ongoing uncertainty about when this case will be tried, dismissal of the indictment with prejudice is warranted.

Respectfully submitted,

*Alfred Guillaume*
_____
Alfred Guillaume III, #MD0085
Law Offices of Alfred Guillaume III
1350 Connecticut Ave. NW, #308
Washington, D.C. 20036

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 6th day of October 2025, a copy of the foregoing Motion was served electronically to all parties of record, including to the Office of the United States Attorney for the District of Columbia.

*Alfred Guillaume*
_____
Alfred Guillaume III

4