# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ———————————————————— ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Crim. Action No. 23-0379 (ABJ) |
| ) | |
| CHRISTOPHER JORDAN BROADY, ) | |
| ) | |
| Defendant. ) | |
| ———————————————————— ) | |

## ORDER

Pending before the Court is defendant Christopher Broady's motion to dismiss the second superseding indictment in this case.  Def.'s Mot. to Dismiss Indictment [Dkt. # 183] ("Mot.").  He argues that his right to a speedy trial under the Sixth Amendment has been violated because he has been detained for thirteen months without a trial.  *Id.* at 3–4.  The government opposes the motion.  Opp. to Mot. [Dkt. # 191] ("Opp.").  Defendant did not file a timely reply, but the Court issued an order giving him the opportunity to submit a reply by November 17, 2025.  Minute Order (Nov. 10, 2025).  That date has passed.

For the reasons stated below, the Court will deny the motion.

## BACKGROUND

To resolve the motion, it is necessary to set out the procedural history in some detail.

| | |
|---|---|
| Sept. 12, 2023 | The grand jury returned a three-count indictment against defendants Christopher Broady and Isjalon Armstead in Criminal Case No. 23-CR-315. Count One charged Broady and Armstead with distribution and possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(D), and 18 U.S.C. § 2; Count Two charged Broady and Armstead with "using, carrying, and possessing a firearm during, in relation to, and in furtherance of a drug trafficking offense" in violation 18 U.S.C. §§ 924(c)(1)(A)(i), and 2; and Count Three charged Broady with unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding on year in violation of 18 U.S.C. § 922(g)(1).  Indictment, Case No. 23-CR-315 [Dkt. # 1] at 1–3. |

The government filed a notice stating that Broady and Armstead's case was related to Criminal Case No. 22-CR-303.[1]  Notice of Related Case (Sept. 12, 2023).

Sept. 14, 2023    Defendant Broady was arrested.  Arrest Warrant, Case No. 23-CR-315 [Dkt. # 5].

Sept. 15, 2023    At the hearing before the Magistrate Judge, defendant Broady made an oral motion for the appointment of counsel, and the Magistrate Judge granted it and appointed Christopher Davis.  The Magistrate Judge set Broady's arraignment and detention hearing for September 20, 2023, and a status conference before this Court was scheduled for September 22, 2023.  Oral Mot. to Appoint Counsel, 23-CR-315 (Sept. 15, 2023); Minute Entry, Case No. 23-CR-315 (Sept. 15, 2023);  Notice of Appearance, Case No. 23-CR-315 [Dkt. # 9].

On the same day, the government filed a two-count complaint against defendant Markquette Cowan in Criminal Case No. 23-CR-379.  The complaint charged Cowan with one count of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D), and one count of "using, carrying, and possessing a firearm during, in relation to, or in furtherance of the drug trafficking offense" in violation of 18 U.S.C. § 924(c)(1)(A)(i).  Criminal Complaint [Dkt. # 1].

Sept. 18, 2023    Defendant Cowan was arrested.  Minute Entry (Sept. 18, 2023).  At a proceeding before the Magistrate Judge the same day, he orally moved for the appointment of counsel, and Peter Cooper was appointed to represent

---

1    In Criminal Case No. 22-CR-303, the government charged defendants Eugene Hill, Diante Wiley, Broadus Daniels, and Andre Willis with seventeen drug trafficking and firearms related violations as part of an earlier conspiracy that allegedly overlapped with the conspiracy charged in the instant case. Indictment, 22-CR-303 [Dkt. # 1]; Superseding Indictment, 22-CR-303 [Dkt. # 33]; Second Superseding Indictment, 22-CR-303 [Dkt. # 138]; Third Superseding Indictment, 22-CR-303 [Dkt. # 163].  Defendant Hill pled guilty to conspiracy to distribute and possess with the intent to distribute 100 kilograms or more of marijuana and a detectable amount of oxycodone in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii), 841(b)(1)(C), and 846; conspiracy to use, carry and possess firearms during, in relation to, and in furtherance of drug trafficking violation of 18 U.S.C. § 924(o); and two counts of using, carrying and possessing firearms during, in relation to, and in furtherance of a drug trafficking offense violation of 18 U.S.C. § 924(o).  Minute Entry, 22-CR-303 (July 17, 2024); Plea Agreement, 22-CR-303 [Dkt. # 217].  Defendants Willis and Daniels went to trial, and were convicted on several counts, including the drug trafficking conspiracy and the conspiracy to possess firearms in furtherance of that enterprise.  Minute Entry, 22-CR-303 (Sept. 16, 2024); Verdict Form, 22-CR-303 [Dkt. # 288].

him.  Minute Entry (Sept. 18, 2023).  The court set a detention hearing for September 22, 2023.  *Id.*

Sept. 20, 2023        At the arraignment and detention hearing in defendant Broady's case (23-CR-315), the Magistrate Judge ordered that Broady be detained pending trial, and found it to be in the interests of justice to exclude the time between September 20, 2023 and September 22, 2023 from the Speedy Trial Act calculation. Oral Motion for Speedy Trial, 23-CR-315 (Sept. 20, 2023); Minute Entry, 23-CR-315 (Sept. 20, 2023).[2]

Sept. 22, 2023        At the first status conference before this Court in Broady's case (23-CR-315), the parties discussed the posture of the case, and the Court scheduled another status conference for October 6, 2023.  For reasons stated on the record, the Court made a finding that it was in the interests of justice to exclude the time between September 22, 2023 and October 6, 2023 from the Speedy Trial Act calculation.  Minute Entry, 23-CR-315 (Sept. 22, 2023).

At the detention hearing in defendant Cowan's case (23-CR-379), the Magistrate Judge ordered that Cowan be detained pending trial.  Order of Detention Pending Trial [Dkt. # 15].

Oct. 6, 2023          "Due to [d]efendant's unavailability" the Court rescheduled the status conference in Broady's case (23-CR-315) from October 6, 2023 to October 11, 2023.  It made a finding that, in the interests of justice, the time between October 6, 2023 and October 11, 2023 be excluded from the Speedy Trial Act calculation.  Minute Order, 23-CR-315 (Oct. 6, 2023).

The same day, defendant Armstead was arrested on the September 12 indictment.  Arrest Warrant, 23-CR-315 [Dkt. # 10].  At a hearing before the Magistrate Judge, defendant requested court-appointed counsel, and Eduardo Balarezo was appointed to represent him.

Oct. 11, 2023         At the status hearing in Broady and Armstead's case (23-CR-315), defendant Armstead was arraigned[3] and the Court set another status

---

2        Although the Speedy Trial Act calculation begins on "the date the defendant has appeared before a judicial office of the court in which [his] charge is pending," 18 U.S.C. § 3161(c)(1), the clock did not begin to run for defendant Broady on the date of his arraignment because his co-defendant, Armstead, had not been arrested or arraigned at that point.  *See Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986) ("All defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant.").

3        The Speedy Trial Act calculation begins in 23-CR-315.  18 U.S.C. § 3161(c)(1); *Henderson*, 476 U.S. at 323 n.2.

conference for November 15, 2023.  For reasons set forth on the record, the Court made a finding that, in the interests of justice, the time between October 11, 2023 and November 15, 2023 be excluded from the Speedy Trial Act calculation.  Minute Entry, 23-CR-315 (Oct. 11, 2023).

Oct. 31, 2023    The grand jury returned an indictment in defendant Cowan's case (23-CR-379) charging him with one count of unlawful possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(D), and one count of "using, carrying, and possessing a firearm during, in relation to, and in furtherance of a drug trafficking offense" in violation of 18 U.S.C. § 924(c)(1)(A)(i).  Indictment [Dkt. # 12].

Nov. 15, 2023    At a status conference in Broady and Armstead's case (23-CR-315), Broady made a request for new counsel.  The Court granted the request and scheduled an ascertainment of counsel hearing for November 17, 2023.  It also scheduled a status conference as to both Broady and Armstead for January 18, 2024, and it made a finding that, in the interests of justice, the time between November 15, 2023 and January 18, 2024 be excluded from the Speedy Trial Act calculation.  Minute Entry, 23-CR-215 (Nov. 15, 2023).

Nov. 17, 2023    At the ascertainment of counsel hearing for defendant Broady (23-CR-315), the Court excused attorney Christopher Davis from the case and appointed Matthew Peed.  Minute Entry, 23-CR-315 (Nov. 17, 2023).

Jan. 9, 2024    In Broady and Armstead's case (23-CR-315), the government filed an unopposed motion to continue the status conference set for January 18 and an unopposed motion to exclude the time from the Speedy Trial Act calculation.  The motion explained that the government intended to seek a superseding indictment, but it did not have the opportunity to present the case to the grand jury in time for the status conference.  Gov't's Unopposed Mot. to Continue the Status Conference and Exclude Time from the Speedy Trial Act Calculation, 23-CR-315 [Dkt. # 20] at 1–2.

Jan. 10, 2024    The Court granted the unopposed motions and reset the status hearing for defendants Broady and Armstead for February 12, 2024.  It also ordered that the time between January 18, 2024 and February 12, 2024 be excluded from the Speedy Trial Act calculation with defendants' consent.  Minute Order, 23-CR-315 (Jan. 10, 2024).

Feb. 8, 2024    In defendant Cowan's case (23-CR-379), the grand jury returned a fifteen-count superseding indictment charging not only Cowan, but Broady and Armstead, as well as Joshua Stephenson, Emmanuel Reid, and Dartanyan Hawkins.  Superseding Indictment [Dkt. # 18].

Count One alleged that from August 1, 2018 to September 14, 2023, all six defendants conspired to distribute and possess with intent to distribute a mixture and substance containing more than 100 kg of marijuana and a detectable amount of oxycodone in violation of 21 U.S.C. § 846;

Count Two alleged that from August 1, 2018 to September 14, 2023, all six defendants conspired "to knowingly discharge, brandish, use, carry, and possess firearms, including machineguns, in furtherance of a drug trafficking offense," that is, Count One, in violation of 18 U.S.C. § 924(o);

Count Three alleged that on May 20, 2019, defendant Stephenson carried a pistol without a license (outside home or place of business) in violation of 22 D.C. Code § 4504(a)(1);

Count Four alleged that on October 14, 2020, defendant Reid "did knowingly carry and use a machine gun, . . . during and in relation to, and did knowingly possess said machine gun in furtherance of, a drug trafficking crime," that is, Count One, in violation of 18 U.S.C. § 924(c)(1)(B)(ii);

Count Five alleged that on January 3, 2021, defendant Stephenson "knowingly and intentionally distributed and possessed with intent to distribute a mixture of substance containing a detectable amount of marijuana" in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(D);

Count Six alleged that on January 3, 2021, defendant Stephenson "did unlawfully and knowingly discharge, use, and carry a firearm, . . . during and in relation to a drug trafficking offense," that is, Count One, in violation of Title 18 U.S.C. § 924(c)(1)(A)(iii), and 2;

Count Seven alleged that on July 1, 2022, defendants Broady, Stephenson, and Armstead "did unlawfully and knowingly use and carry firearms, . . . during and in relation to, and did knowingly possess said firearms in furtherance of, a drug trafficking crime," that is, Count One, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and 2;

Count Eight alleged that on July 1, 2022, defendant Broady, "knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding on year, . . . did unlawfully and knowingly possess firearms" in violation of 18 U.S.C. § 922(g)(1);

Count Nine alleged that on December 16, 2022, defendant Stephenson "knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of marijuana" in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(D);

Count Ten alleged that on December 16, 2022, defendant Stephenson "did knowingly use and carry a firearm, . . . during and in relation to, and did knowingly possess said firearm in furtherance of, a drug trafficking offense," that is, Count One, in violation of 18 U.S.C. § 924(c)(1)(B)(i), and 2;

Count Eleven alleged that between June 1, 2023 and June 5 2023, defendants Cowan, Broady, and Armstead "did unlawfully and knowingly use and carry firearms, . . . during and in relation to, and did knowingly possess said firearms in furtherance of, a drug trafficking crime," that is, Count One, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and 2;

Count Twelve alleged that on June 5, 2023, defendants Broady and Armstead "knowingly and intentionally distributed and possessed with intent to distribute a mixture of substance containing a detectable amount of marijuana" in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(D);

Count Thirteen alleged that on June 5, 2023, defendants Cowan, Broady, and Armstead "did unlawfully and knowingly discharge, use and carry firearms, . . . during and in relation to a drug trafficking offense," that is, Count One, in violation of Title 18 U.S.C. § 924(c)(1)(A)(iii), and 2;

Count Fourteen alleged that on June 5, 2023, defendant Broady, "knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding on year, . . . did unlawfully and knowingly possess a firearm" in violation of 18 U.S.C. § 922(g)(1); and

Count Fifteen alleged that between June 5, 2023 and September 14, 2023, defendants Cowan, Broady, and Armstead "did knowingly use and carry firearms, . . . during and in relation to, and did knowingly possess said firearms in furtherance of, a drug trafficking crime," that is, Count One, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and 2.

| | |
|---|---|
| Feb. 9, 2024 | Defendant Cowan's attorney, Peter Cooper, filed a motion to withdraw, stating that "there exists an ever-increasing disagreement between counsel and Mr. Cowan regarding his matter, resulting in a deterioration to a state where communications have become unworkable."  Mot. for Leave to Withdraw [Dkt. # 17] ¶ 2. |
| Feb. 12, 2024 | The Court held a status conference in Broady and Armstead's case (23-CR-315) and granted the government's oral motion to dismiss the September 12 indictment.  Minute Entry, 23-CR-315 (Feb. 12, 2024); Dismissal of Counts, 23-CR-315 (Feb. 12, 2024). |

On the same day, the Court held a status conference in what had been defendant Cowan's case (23-CR-379) and arraigned defendants Cowan, Broady, and Armstead on the superseding indictment.[4]  The Court also granted Peter Cooper's motion to withdraw and appointed Robert Jenkins to represent Cowan.  The Court set a status conference for March 12, 2024, and based on, among other things, defense counsel's representations that time was needed to engage in negotiations, it made a finding that, in the interest of justice, the time between February 12, 2024 and March 12, 2024 should be excluded from the Speedy Trial Act.  Minute Entry (Feb. 12, 2024).

Feb. 13, 2024    Defendant Reid was arrested on the superseding indictment.  Arrest Warrant [Dkt. # 22].  At a hearing before the Magistrate Judge on the same day, Anthony Douglas Martin was appointed to defend him.  Minute Entry (Feb. 13, 2024); Notice of Appearance [Dkt. # 26].

Feb. 22, 2024    Defendant Stephenson was arraigned on the superseding indictment in Criminal Case No. 23-CR-379.  Minute Entry (Feb. 22, 2024).

Mar. 12, 2024    The Court conducted a status conference with defendants Cowan, Broady, Armstead, Reid, and Stephenson, and it scheduled another status conference for April 5, 2024.  Defendant Dartanyan Hawkins had yet to be arrested.

As stated in a Minute Order on that date, "the Court made a finding with the consent of defendants Cowan, Stephenson, Reid, and Armstead, and over defendant Broady's objection, that given the volume of discovery and the need to negotiate a protective order, the exclusion of the time from the Speedy Trial Act calculation between March 12, 2024, and April 5, 2024 is in the interests of justice. Moreover, . . . 18 U.S.C. 3161(h)(6) excludes '[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.' Although the unapprehended codefendant in the instant case has been indicted, his speedy trial clock cannot begin until he appears before the court.  *See* 18 U.S.C. §§ 3161(c)(1),(h)(3)(A). Because no motion to sever has been filed, much less granted, and the delay in apprehending the remaining co-defendant has been reasonable, the delay is properly charged to defendant Broady and the others under § 3161(h)(6)." Minute Order (Mar. 12, 2024).

_____

4    *See* 18 U.S.C. § 3161(h)(6) (excluding "a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted"); *see United States v. Van Smith*, 530 F.3d 967, 972 (D.C. Cir. 2008) ("The Speedy Trial Act excludes delay attributable to resetting a defendant's speedy trial clock upon the addition of a co-defendant so that the government will not be forced to choose between prosecuting defendants separately and violating the Speedy Trial Act.").

Mar. 18–19, 2024        In a sealed proceeding, defendant Reid pled guilty to a three-count information in Criminal Case No. 24-CR-136 [SEALED].  Minute Entry, 24-CR-136 (Mar. 19, 2024); Information, 24-CR-136 [Dkt. # 1].  According to a joint status report, Reid was cooperating with the prosecution, and the government anticipated needing his assistance in the case against Cowan, Broady, Stephenson, Hawkins, and Armstead.  Joint Status Report [Dkt. # 11].

Apr. 3–4, 2024          The government filed a motion to continue the status conference set for April 5 and to exclude time from the Speedy Trial Act calculation.  It also filed a supplement explaining that counsel for the defense did not object to the continuance.  Mot. to Continue Status Conf. and Mot. to Exclude Time from the Speedy Trial Act Calculation [Dkt. # 32]; Suppl. [Dkt. # 33].

The Court granted the motions and continued the status conference to April 19, 2024.  It also found, "given the circumstances set forth in the motion and the defendants' consent, that the exclusion of time between April 5, 2024 and April 19, 2024 from the Speedy Trial Act calculation is in the interests of justice."  Minute Order (Apr. 4, 2024).

Apr. 9, 2024           Defendant Hawkins was arrested on the superseding indictment.  Arrest Warrant [Dkt. # 35].  At a hearing before the Magistrate Judge the same day, Kevin Wilson was appointed as counsel.  Minute Entry (Apr. 9, 2024); Notice of Appearance [Dkt. # 36].

Apr. 19, 2024          The Court held a status conference.  Defendant Cowan's attorney was not present and defendant Armstead was not present for medical reasons. Defendants Broady and Stephenson both raised issues concerning their satisfaction with present counsel. Minute Order (Apr. 22, 2024).  The Court scheduled another status conference on April 26, 2024 for defendants Cowan, Broady, Armstead, and Stephenson, and a further status conference for all defendants on June 5, 2024.  As noted in the Minute Entry for that date, "[w]hile defendant Broady objected to the exclusion of time, given the need to resolve the question of his representation, the Court found that it is in the interests of justice to exclude the time between April 19 and April 26, 2024, from the Speedy Trial Act calculation, for the ascertainment of counsel, and the other defendants agreed to exclude the time given the circumstances requiring another status conference in each case. The next status conference for all of the defendants will take place on June 5, 2024 . . . .  Given the fact that discovery and plea offers are just being provided, and with the agreement of defendants Hawkins and Reid, the time between April 19 and June 5 will be excluded from the Speedy Trial Act calculation in their cases. The Court received information concerning all of the attorneys' availability for trial at the status conference, but it needs

information concerning Mr. Jenkins's schedule before it can set a date. . . ." Minute Order (Apr. 22, 2024).

On the same day, the government filed an unopposed motion to certify the case as complex under the Speedy Trial Act. Mot. to Certify Case as Complex [Dkt. # 40]. It alerted the Court that the case involved separate but related conspiracies spanning from August 1, 2018 to September 14, 2023, several substantive offenses, and a large amount – at that point, one terabyte – of discovery that would include digital extractions from cell phones. *Id.* at 2–3. The motion asked the Court to find that "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" in the Speedy Trial Act, *id.* at 2, and it noted that the government had "conferred with counsel for each of the Defendants who have stated that they do not oppose this motion." *Id.* at 3.

The Court granted the unopposed motion, finding that it was "'unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by' the Speedy Trial Act." Minute Order (Apr. 19, 2024).[5]

Apr. 26, 2024     The Court held a status conference for defendants Cowan, Broady, Armstead, and Stephenson. The Court granted Broady and Stephenson's oral requests for new counsel. Attorney Alfred Guillaume entered the case on behalf of Broady and attorney Michael Lawlor entered the case on behalf of Stephenson. The Court set another status conference for defendant Broady on April 30, 2024, and given all of the circumstances, including the appointment of new counsel, it found it in the interests of justice to toll the Speedy Trial calculation between April 26, 2024 and April 30, 2024. Minute Entry (Apr. 26, 2024); Notice of Appearance [Dkt. # 44]; Notice of Appearance [Dkt. # 49].

Apr. 30, 2024     The Court held a status conference with respect to defendant Broady's new counsel and his availability for trial. The next status conference was already scheduled for June 5, 2024, and with the consent of the defendant, the Court excluded the time between April 30, 204 and June 5, 2024 from the Speedy Trial Act calculation. Minute Entry (Apr. 30, 2024).

---

5       *See* 18 U.S.C. § 3161(h)(7)(B)(ii) ("The factors . . . which a judge shall consider in determining whether to grant a continuance" include "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.").

On that date, the Court also ordered that the trial in the case be set for April 7, 2025, explaining:

"Upon consideration of the scheduling information provided by all counsel in the case, the trial in this case will begin on April 7, 2025, and counsel should block out at least 3 weeks on their calendars to complete it. Given the number of lawyers and defendants involved, the Court will not continue the trial based on scheduling conflicts that arise after today's date. At the moment, the Court could also schedule the case on January 6, 13, 21, 27, or February 3, 10, or 18 . . . . Mr. Guillaume should inform the Court if there is a change to the matter on his schedule between February 10 and March 10." Minute Order (April 30, 2024).

June 5, 2024        At a status conference for all six defendants, the defense made an oral motion to change trial date from April 7, 2025 to April 9, 2025, and the Court granted the motion. Minute Entry (June 5, 2024). The Court entered a scheduling order for pretrial proceedings:

"Any defense motion to dismiss or motion alleging a defect in the indictment, including those motions identified in Fed. R. Crim. Proc. 12(b)(3)(A) and (B); any defense motion to suppress statements or evidence; any motion for severance of charges or defendants under Rules 12(b)(3) and 14; and any motion for change of venue under Rules 12(b)(3)(A)(i) and 21 must be filed by October 1, 2024. The oppositions will be due October 25, 2024, and any reply is due November 8, 2024. Motions in limine on behalf of either party and notice of any evidence the government intends to seek to introduce pursuant to Fed. R. Evid. 404(b) or prior convictions it would seek to use for impeachment under Fed. R. Evid. 609 must be filed by February 6, 2025. The oppositions are due on February 20, 2025, and replies are due on February 27, 2025. The parties must jointly file a single Joint Pretrial Statement by March 17, 2025. Electronic and paper copies of all exhibits must be delivered to chambers and to the Deputy Clerk in the format set out below by March 18, 2025. The pretrial conference will be held on March 31, 2025 . . . and the [t]rial will commence on April 9, 2025." Scheduling Order [Dkt. # 58].

Given the need for the filing and consideration of pretrial motions and the unavailability of counsel until June, the Court made a finding that the time between the issuance of the schedule and April 9, 2025 was excludable under the Speedy Trial Act. Minute Entry (June 5, 2024).

June 18, 2024       Defendant Reid filed a motion to sever his case from the other co-defendants given his cooperation with the government. Mot. to Sever Case [Dkt. # 62] SEALED.

| | |
|---|---|
| Sept. 5, 2024 | Defendant Reid testified as a government witness in the trial of defendants Daniels and Willis in Criminal Case No. 22-CR-303, and his plea and agreement to cooperate with the government became a matter of public record for the first time.  Minute Entries, 22-CR-303 (Sept. 5, 2024). |
| Sept. 27, 2024 | The government filed a consent motion to continue pretrial motion deadlines.  The motion explained that the trial in the related case, Criminal Case No. 22-CR-303, had just concluded, and "[i]n light of the outcome of that trial, and the evidence presented during trial, the parties desire an opportunity to engage in an additional round of plea negotiations before pre-trial motions practice."    Consent Mot. to Cont. Pretrial Mots. Deadline [Dkt. # 72] ¶ 2. |
| Sept. 30, 2024 | The Court granted the consent motion and extended the dates for the first round of pretrial motions – the motions to dismiss, to suppress, to sever, or for change of venue – from October 1, 2024 to November 1, 2024.  Minute Order (Sept. 30, 2024). |
| Nov. 1, 2024 | Defendant Hawkins pled guilty to one count of distribution and possession with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(vii).  Minute Entry (Nov. 1, 2024); Superseding Information [Dkt. # 73]. |
| | Defendants Cowan, Broady, Stephenson, and Armstead filed an unopposed motion to extend the deadline for filing pretrial motions again.  Unopposed Mot. to Extend Deadline for Filing Pretrial Mots. [Dkt. # 75].  The motion explained that the government had extended wired plea offers to the defendants, and they needed more time to discuss the offers.  *Id.* at 1–2  The motion also noted that counsel intended "to seek the Court's assistance in scheduling a meeting at which the defendants and defense counsel may discuss the wired plea offers."  *Id.* |
| Nov. 4, 2024 | The Court granted defendants' motion to extend: "Defendants' pre-trial motions are due by December 13, 2024, the government's responses are due January 10, 2025, and any replies are due January 20, 2025."  Minute Order (Nov. 4, 2024). |
| Dec. 12, 2024 | Defendants Cowan, Broady, Stephenson, and Armstead filed another unopposed motion to extend the deadline for filing pretrial motions so that they could continue to discuss the wired plea offers.  Unopposed Mot. to Extend Deadline for Filing Pretrial Mots. [Dkt. # 80]. |
| Dec. 13, 2024 | The Court granted the motion to extend: "Defendant's pre-trial motions are due on January 13, 2025, the government's responses are due on February |

10, 2025, and any replies are due February 19, 2025." It added: "[t]he Court is aware that the defense initiated a request for assistance in facilitating a meeting of the defendants and their lawyers, but it cannot take any steps until the questions relayed to counsel through the Courtroom Deputy [which dealt with the lawyers' availability and other aspects of the intended meeting] are answered." Minute Order (Dec. 13, 2024).

Jan. 30, 2025    Defendant Armstead pled guilty to Count Thirteen of the superseding indictment, discharging a firearm during, and in relation to, a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Minute Entry (Jan. 30, 2025); Plea Agreement [Dkt. # 85].

Feb. 4, 2025    The government filed a consent motion to schedule a status conference as to Defendants Cowan, Broady, and Stephenson. [Dkt. # 89] As of that date, no motions to suppress, sever, or dismiss charges had been filed by defendant Broady.

Feb. 7, 2025    The Court held the requested status conference, at which defendant Cowan expressed a desire to maintain the current trial schedule notwithstanding the ongoing negotiations and status of the motions practice and other pre-trial proceedings at that time, and Broady and Stephenson joined in taking that position. The Court advised the parties that it would craft a schedule for the completion of that work, and that it would necessarily be an aggressive one. Minute Entry (Feb. 7, 2025).

The government was somewhat taken aback by the turn of events at the status conference. At 10:19 p.m. that night, it filed a motion to continue the trial date and to exclude time from the Speedy Trial Act calculation. Gov't's Mot. to Continue the Trial Date [Dkt. # 90]. The motion contained the following representations: "Undersigned counsel communicated via telephone with counsel for Defendant Stephenson multiple times during the first two weeks of January to discuss the plea offers and defense counsel's difficulty in meeting with their clients as a group. Undersigned counsel was informed that, due to the gravity of the charges, the Defendants did not want to discuss the pleas individually. During one of those conversations, undersigned counsel suggested that the prolonged plea negotiations were putting the trial date in doubt and suggested that the trial date be continued or vacated to allow sufficient time for the Defendants to consider the plea agreements. On January 23, 2025, undersigned counsel received an email from defense counsel indicating that their attempt to have their clients brought over to the Courthouse for a group meeting fell through. In that same email, defense counsel agreed that the trial date should be moved and that the parties should seek a status conference to allow defense counsel to meet with their clients as a group. The parties then consulted their calendars, and undersigned counsel filed a consent motion for a status

conference.  (Docket Entry 89).  Prior to filing that motion, undersigned counsel communicated with counsel for each of the Defendants and, based on those conversations, understood that the parties were agreed regarding the trial date.  That understanding was renewed in the Courtroom on February 7, 2024, prior to the Court taking the bench; though, ultimately, the Defendants elected to reverse course and keep the original trial date absent the filing of a Superseding Indictment."  *Id*. at 4.

The government requested a 60-day continuance so that it could "weigh its options regarding a Superseding Indictment and so that all parties have sufficient time to file their pretrial motions and adequately prepare for trial."  *Id.* at 4.

Feb. 9, 2025    The Court ordered defendants to file a joint or individual responses to the government's motion to continue trial by February 11.  Minute Order (Feb. 9, 2025).

The Court also issued an order establishing a revised, extremely compressed schedule for pretrial motions, explaining:

"At the status conference held on February 7, 2025, the defendants asked the Court to issue a revised schedule for pretrial motions.  The Court notes that we are already well past the day motions to sever or suppress were originally due to be filed, and past the extended date as well.  Also, past the date for the second wave of submissions, including motions in limine, Rule 404(b) motions, etc., has already passed.  So, in light of the impending trial date, the schedule will be extremely tight.  Any defense motion to dismiss or motion alleging a defect in the indictment . . . ; any defense motion to suppress statements or evidence; any motion for severance of charges or defendants . . . ; and any motion for change of venue . . . must be filed by February 14, 2025.  Notice of any evidence the government intends to seek to introduce  . . . or prior convictions it would seek to use for impeachment . . . must also be filed by February 14, 2025.  The government's opposition to defendants' motions will be due February 28, and defendants' objections to any notices . . . are due February 28.  Replies on behalf of either side are due March 7.  Motions in limine on behalf of either party will be due on February 21, 2025, oppositions will be due on March 7, and replies will be due on March 14.  Absent a change in the trial date, or the need for additional motions occasioned by a superseding indictment, these dates will NOT be extended.  None of the other dates in the June 5, 2024 Scheduling Order . . . are affected by this order . . . ."  Minute Order (Feb. 9, 2025).

Feb. 11, 2025    Defendants Cowan and Stephenson opposed the government's motion to continue the trial date.  [Dkt. # 91]; [Dkt. # 92].  Stephenson's motion stated that he did "not dispute the Government's recitation of the history of

communications among counsel regarding the plea offer, scheduling a meeting among the remaining defendants to consider the wired plea offers, and a postponement of the current trial date." [Dkt. # 92] ¶ 1.

Feb. 12, 2025    Defendant Broady filed a motion for leave to file a belated opposition to the government's motion to continue trial, explaining that counsel did not file an opposition promptly because he needed extra time to meet with his client. Mot. for Leave to File Opp. Mot. [Dkt. # 94] ¶ 2.

The Court ordered the parties to confer and file a joint submission identifying all of the dates from the following list when they would be available to begin a two-week trial: May 12, May 19, May 27, June 2, June 9, and June 16. Order [Dkt. # 96].

Feb. 13, 2025    The Court granted defendant Broady's motion for leave to file, noting "that the late filing simply underscores the problem: the defendants are insisting on expedition on the part of the Court and the government while failing to adhere to the schedule themselves. This is unsustainable." Minute Order (Feb. 13, 2025).

Defendant Broady filed a concise opposition to the government's motion to continue the trial date, stating: "Mr. Broady has instructed counsel to object to the government's motion to continue." Def.'s Opp. to Mot. to Continue Trial [Dkt. # 95] ¶ 3. However, that position was not long-lived.

Feb. 14, 2025    The parties filed a status report pursuant to the Court's February 12 order stating that "[d]ue to conflicting trial schedules, none of the proposed dates are available for all of the parties," and advising the Court that Broady's attorney was "not available until September 2025." Status Report [Dkt. # 97] ¶ 1.

The parties filed a separate joint status report informing the Court that "[d]efendant Cowan intends to file a motion to suppress cell phone search and will likely join in Defendant Stephenson's motion to sever. Defendant Broady intends to file a motion to suppress cell phone search and will likely join in Defendant Stephenson's motion to sever." Finally, the defendants stated, "[i]n light of the fact that the trial in this matter cannot be scheduled prior to September 2025, the parties jointly request that the Court rule upon the Government's motion to continue and set a new motions schedule in accordance with the new trial date." Joint Status Report [Dkt. # 98].

Feb. 15, 2025    Defendant Cowan filed a motion to suppress and a motion to strike language from the indictment. Mot. to Suppress Tangible Evidence [Dkt. # 99]; Mot. to Strike Language from Superseding Indictment [Dkt. # 100].

14

The Court ordered all defense counsel to file a notice specifying their availability or unavailability for every week between April 9 and July 31. Order [Dkt. # 102]. It set another status conference for February 18. *Id.*

Feb. 16, 2025 Broady's attorney filed the notice of his availability stating that he was available to try the case between June 9 – August 8, and September 8 – September 30, 2025. [Dkt. # 103].

Feb. 17, 2025 Cowan's attorney filed his notice regarding his availability. He was available to try the case between April 9 – May 10, May 26 – June 7, and July 21, 2025 onward. [Dkt. # 104].

The government filed its notice regarding availability. The prosecution team was available from April 7 – May 10, May 19 – June 7, and July 21 – August 1, 2025. [Dkt. # 105].

Stephenson's attorney filed his notice regarding his availability. He was available April 7 – April 11, May 12 – 16, May 26 – May 30, June 16 – 20, and July 21 – 25, 2025. [Dkt. # 106].

Feb. 18, 2025 The Court held a status conference as to defendants Cowan, Broady, and Stephenson, where it did its best to prevail upon counsel to reconsider their statements that certain dates were not unavailable. But it became clear that the lawyers would not all be available on the same week until October 6, 2025. Minute Entry (Feb. 18, 2025); Order [Dkt. # 108] at 6.

Feb. 19, 2025 The Court granted the government's motion to continue the trial from April 9, 2025, to October 6, 2025. Order [Dkt. # 108]. It acknowledged defendants' objections, but ultimately agreed with the government that more time was necessary so that the defense could adequately brief their pretrial motions and prepare for trial. *Id.* at 5; *see id.* at 6 ("[T]he need for the continuance at this point has been defendants' failure to file pretrial motions when they were due and [the Court] does not believe it would advance the interests of justice to simply rule that the filing of motions has been waived."). It further explained:

"A critical factor that must be considered under the Speedy Trial Act is the availability and continuity of the highly competent and experienced defense counsel who are already knowledgeable about the evidence and issues in this case. Therefore, the Court finds that the ends of justice are served by granting the government's motion and setting the trial date on October 6, 2025, and the time between April 9, 2025 and October 6, 2025 shall be excluded from the Speedy Trial Act calculation." *Id.* at 6.

The Court also established a new set of pretrial deadlines:

"Any motion to sever, any other defense motion to suppress evidence, or any motion raising a defect in the indictment, must be filed by February 21, 2025.  Oppositions will be due on March 7, and replies are due on March 14. . . .  Any motions in limine or government notices . . . will be due April 4, 2025.  Oppositions will be due on April 18, and replies are due on April 25.  A Joint Pretrial Statement that comports with the instructions in the Scheduling Order will be due on September 5, and the copies of exhibits in the format set forth in the Scheduling Order must be delivered on September 8."  *Id*. at 7.

| | |
|---|---|
| Feb. 20, 2025 | Defendant Broady filed a motion to suppress evidence.  [Dkt. # 110].[6] |
| Feb. 21, 2025 | Defendant Stephenson filed a motion to sever counts, [Dkt. # 111], and a motion to suppress.  [Dkt. # 112].[7] |
| Mar. 25, 2025 | The government filed an unopposed motion for extension of time to file its motion and notice pursuant to Federal Rules of Evidence 404(b) and 609 due to ongoing needs in separate trials.  [Dkt. # 124]. |
| Mar. 31, 2025 | The Court granted the government's unopposed motion: "The government's motion and notice . . . is due April 11, 2025.  Defendants' oppositions are due on April 25, and the government's reply is due on May 2."  Minute Order (Mar. 31, 2025). |
| Apr. 14, 2025 | The Court denied defendant Cowan's motion to strike language from the superseding indictment.  Minute Order (Apr. 14, 2025). |
| June 2, 2025 | The government filed an omnibus motion in limine as to defendants Cowan, Broady, and Stephenson, [Dkt. # 146], and a motion and notice regarding evidence under Federal Rules of Evidence 404(b) and 609.  [Dkt. # 147].[8] |
| June 10, 2025 | The Court held a hearing on the motions to suppress filed by defendants Cowan and Broady.  Minute Entry (June 10, 2025). |

---

6    *See* 18 U.S.C. § 3161(h)(1)(D) (the "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" shall be excluded from "computing the time within which the trial . . . must commence").

7    18 U.S.C. § 3161(h)(1)(D).

8    18 U.S.C. § 3161(h)(1)(D).

| | |
|---|---|
| July 9, 2025 | The Court held a hearing to issue its rulings on the motions to suppress, and it denied defendant Cowan's motion and defendant Broady's motion for reasons stated on the record. Minute Entry (July 9, 2025). |
| Aug. 21, 2025 | At what was supposed to be an evidentiary hearing on defendant Stephenson's motion to suppress, counsel for Stephenson made an oral request for appointment of new counsel. The Court explained to Stephenson that replacing his attorney so close to trial would likely cause a delay because his new counsel would have to get up to speed on the case, but it ultimately granted the request and set a date for the ascertainment of counsel. Minute Entry (Aug. 21, 2025). |
| Aug. 26, 2025 | Attorney Todd Baldwin entered the case on Stephenson's behalf. Minute Entry (Aug. 26, 2025). |
| | On the same day, the government filed a motion to convert the trial date on October 6 to a status conference in light of an upcoming second superseding indictment. [Dkt. # 160]. |
| Aug. 27, 2025 | Defendant Cowan filed an opposition to the government's motion to convert trial date. [Dkt. # 161]. |
| | The Court denied the government's motion to convert the trial date, and it deferred making any change to the trial schedule unless and until any superseding indictment was returned. Minute Entry (Aug. 27, 2025). |
| Aug. 29, 2025 | The government filed an unopposed motion for an extension of time to file the parties' joint pretrial statement. [Dkt. # 162]. |
| Sept. 2, 2025 | The Court granted the government's unopposed motion, and set the deadline for the docketing of the Joint Pretrial Statement, which was supposed to include, among other things, proposed voir dire questions, the government's exhibit list annotated with the defendants' objections, and proposed jury instructions, for September 12, 2025. Minute Order (Sept. 2, 2025). |
| Sept. 10, 2025 | The grand jury returned a sixteen-count second superseding indictment charging defendants Cowan, Broady, and Stephenson, and an additional defendant, Larry Duncan. Second Superseding Indictment [Dkt. # 164]. |
| | Count One alleged that from August 1, 2018 to September 14, 2023, all four defendants conspired to distribute and possess with intent to distribute a mixture and substance containing more than 100 kg of marijuana and a detectable amount of oxycodone in violation of 21 U.S.C. § 846; |

Count Two alleged that from August 1, 2018 to September 14, 2023, all four defendants conspired "to knowingly discharge, brandish, use, carry, and possess firearms, including machineguns, in furtherance of a drug trafficking offense," that is, Count One, in violation of 18 U.S.C. § 924(o);

Count Three alleged that on May 20, 2019, defendant Stephenson carried a pistol without a license (outside home or place of business) in violation of 22 D.C. Code § 4504(a)(1);

Count Four alleged that on January 3, 2021, defendant Stephenson "knowingly and intentionally distributed and possessed with intent to distribute a mixture and substance containing a detectable amount of marijuana" in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D);

Count Five alleged that on January 3, 2021, defendant Stephenson "did unlawfully and knowingly discharge, use, and carry a firearm, . . . during and in relation to a drug trafficking offense," that is, Counts One and Four, in violation of Title 18 U.S.C. § 924(c)(1)(A)(iii), and 2;

Count Six alleged that on July 1, 2022, defendants Broady and Stephenson "did unlawfully and knowingly use and carry firearms, . . . during and in relation to, and did knowingly possess said firearms in furtherance of, a drug trafficking crime," that is, Count One, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and 2;

Count Seven alleged that on July 1, 2022, defendant Broady, "knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding on year, . . . did unlawfully and knowingly possess firearms" in violation of 18 U.S.C. § 922(g)(1);

Count Eight alleged that on December 16, 2022, defendant Stephenson "knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of marijuana" in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(D);

Count Nine alleged that on December 16, 2022, defendant Stephenson "did knowingly use and carry a firearm, . . . during and in relation to, and did knowingly possess said firearm in furtherance of, a drug trafficking crime," that is, Counts One and Eight, in violation of 18 U.S.C. § 924(c)(1)(A)(i);

Count Ten alleged that between June 1, 2023 and June 5, 2023, defendants Cowan, Broady, and Duncan "knowingly and intentionally distributed and possessed with intent to distribute a mixture and substance containing a detectable amount of marijuana" in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 18 U.S.C. § 2;

Count Eleven alleged that between June 1, 2023 and June 5 2023, defendants Cowan, Broady, and Duncan "did unlawfully and knowingly use and carry firearms, . . . during and in relation to, and did knowingly possess said firearms in furtherance of, a drug trafficking crime," that is, Counts One and Ten, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and 2;

Count Twelve alleged that on June 5, 2023, defendants Cowan, Broady and Duncan "knowingly and intentionally distributed and possessed with intent to distribute a mixture of substance containing a detectable amount of marijuana" in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 18 U.S.C. § 2;

Count Thirteen alleged that on June 5, 2023, defendants Cowan, Broady, and Duncan "did unlawfully and knowingly discharge, use and carry firearms, . . . during and in relation to a drug trafficking offense," that is, Counts One and Twelve, in violation of Title 18 U.S.C. § 924(c)(1)(A)(iii), and 2;

Count Fourteen alleged that on June 5, 2023, defendant Broady, "knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding on year, . . . did unlawfully and knowingly possess a firearm" in violation of 18 U.S.C. § 922(g)(1);

Count Fifteen alleged that between June 6, 2023 and September 14, 2023, defendants Cowan, Broady, and Duncan "did knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of marijuana" in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 18 U.S.C. § 2; and

Count Sixteen alleged that between June 6, 2023 and September 14, 2023, defendants Cowan, Broady, and Duncan "did unlawfully and knowingly use and carry firearms, . . . during and in relation to, and did knowingly possess said firearms in furtherance of, a drug trafficking crime," that is, Count Fifteen, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and 2. Second Superseding Indictment at 1–28.[9]

Sept. 12, 2025    The Court ordered that the pretrial conference set for September 19, 2025 be converted to an arraignment on the second superseding indictment.

---

9    18 U.S.C. §§ 3161(h)(6), (c)(1); *Van Smith*, 530 F.3d at 972; *Henderson*, 476 U.S. at 323 n.2.

|  | Minute Order (Sept. 12, 2025). At that point, the Joint Pretrial Statement, which had been due on September 5, 2025, had not yet been filed. |
|---|---|
| Sept. 15, 2025 | Pursuant to the parties' joint motion to continue and to exclude time from the Speedy Trial Act calculation, [Dkt. # 168], the Court reset the arraignment on the second superseding indictment for September 26, 2025. The Court found that it was in the interests of justice to toll the time between September 19, 2025 and September 26, 2025 from the Speedy Trial Act calculation. Minute Order (Sept. 15, 2025). |
| Sept. 17, 2025 | Defendant Cowan's attorney filed a motion to withdraw. [Dkt. # 170]. |
| Sept. 18, 2025 | Defendant Larry Duncan was arrested. Arrest Warrant [Dkt. # 172]. At a hearing before the Magistrate Judge, defendant moved for appointment of counsel and attorney Mark Rollins was appointed on his behalf. Minute Entry (Sept. 18, 2025). |
| Sept. 26, 2025 | At a status conference, the Court notified the defendants that any objections to the continuation of the trial on Speedy Trial grounds had to be filed by October 3, and it ordered counsel to inform the Court of their availability for trial, and, to assist in the creation of a revised pretrial motions schedule, to list any other motions or pleadings they intended to file by that date as well. Minute Entry (Sep. 26, 2025). |
| Sept. 29, 2025 | The government filed a status report stating that "absent resolution of this case by way of plea agreement, the United States will pursue additional charges by way of a Third Superseding Indictment." Status Report [Dkt. # 178] ¶ 3. |
| Oct. 3, 2025 | The parties submitted information concerning their availability for trial, stating that all counsel were next available to try the case on July 6 – July 31, 2026, or September 8 – September 25, 2026. Resp. to Order of the Court [Dkt. # 180]. |
| Oct. 3, 2025 | Defendant Broady filed an unopposed motion for extension of time to file Speedy Trial Act motion, stating that counsel needed more time to research and draft the motion. [Dkt. # 181]. |
| Oct. 6, 2025 | The Court granted defendant Broady's request for an extension. Minute Order (Oct. 6, 2025). |
|  | Defendant Broady filed the instant motion to dismiss based on the Sixth Amendment. [Dkt. # 183]. |

| | |
|---|---|
| Oct. 10, 2025 | At a status conference, the Court arraigned the defendants on the second superseding indictment.[10]  It also ordered that the trial would begin on July 6, 2026.  The Court made a finding that it was in the interests of justice to exclude the time between October 10, 2025 and July 6, 2026 from the Speedy Trial Act calculation in light of the second superseding indictment naming Duncan for the first time, the notice submitted by counsel as to their availability for trial, the pendency of defendant Broady's motion to dismiss, and the need for defendant Duncan to receive and review discovery and file any pretrial motions to suppress, sever, or dismiss. |

The Court further explained that it would "endeavor to set an earlier trial date" and it ordered:

"[T]o assist the Court in determining whether the trial can be completed sooner, each lawyer in the case for either side must file a notice . . . identifying every conflict on his calendar – whether it is a vacation or a trial – during each week in the period beginning the week of January 5, 2026 through the week ending on July 3.  If the conflict is a trial, counsel must indicate the case number and the court where the case is pending, the charges, whether the defendant is detained, and whether there are co-defendants involved."  Minute Order (Oct. 10, 2025).

| | |
|---|---|
| Oct. 14, 2025 | Broady's counsel submitted his notice of availability.  [Dkt. # 189].  It set forth the following conflicts: |

January
- 5: (Circuit Court for Frederick County) Pretrial Conference
- 9: Sentencing USDC
- 13: Sentencing USDC

February
- 13–19: Travel
- 24–27: Circuit Court Trial in Frederick County, MD

March
- 18–31: Travel

April
- 1–6: (trial prep)
- 7–10: Trial in USDC
- 23–27: Travel

---

10      18 U.S.C. § 3161(c)(1); *Henderson*, 476 U.S. at 323 n.2.

May
- 1–10: (trial prep)
- 11–22: Trial in USDC

June
- 4–7: Travel

July
- 1–5: Travel

Stephenson's counsel, Duncan's counsel, and Cowan's counsel also submitted notices of availability.  [Dkt. # 186]; [Dkt. # 187]; [Dkt. # 190].

Oct. 16, 2025    After receiving all of the lawyers' schedules, the Court confirmed that the July 6, 2026 trial date was the earliest available date.  Minute Order (Oct. 16, 2025).

Oct. 29, 2025    The grand jury returned a third superseding indictment against defendants Cowan, Broady, Stephenson, and Duncan.  Third Superseding Indictment [Dkt. # 193].  It consisted of nineteen counts:

Count One alleged that from August 1, 2018 to September 18, 2025, all four defendants conspired to distribute and possess with intent to distribute a mixture and substance containing more than 100 kg of marijuana and a detectable amount of oxycodone in violation of 21 U.S.C. § 846;

Count Two alleged that from August 1, 2018 to September 18, 2025, all four defendants conspired "to knowingly discharge, brandish, use, carry, and possess firearms, including machineguns, in furtherance of a drug trafficking offense," that is, Count One, in violation of 18 U.S.C. § 924(o);

Count Three alleged that on May 9, 2019, all four defendants "purposely and with deliberate and premeditated malice, killed Mark Milline, Jr., by shooting Mark Milline, Jr. with a firearm" in violation of 22 D.C. Code §§ 2101, 4502;

Count Four alleged that on May 20, 2019, defendant Stephenson carried a pistol without a license (outside home or place of business) in violation of 22 D.C. Code § 4504(a)(1);

Count Five alleged that on January 3, 2021, defendant Stephenson "knowingly and intentionally distributed and possessed with intent to distribute a mixture and substance containing a detectable amount of marijuana" in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D);

22

Count Six alleged that on January 3, 2021, defendant Stephenson "did unlawfully and knowingly discharge, use, and carry a firearm, . . . during and in relation to a drug trafficking offense," that is, Counts One and Five, in violation of Title 18 U.S.C. § 924(c)(1)(A)(iii), and 2;

Count Seven alleged that on July 1, 2022, defendants Broady and Stephenson "did unlawfully and knowingly use and carry firearms, . . . during and in relation to, and did knowingly possess said firearms in furtherance of, a drug trafficking crime," that is, Count One, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and 2;

Count Eight Seven alleged that on July 1, 2022, defendant Broady, "knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding on year, . . . did unlawfully and knowingly possess firearms" in violation of 18 U.S.C. § 922(g)(1);

Count Nine alleged that on December 16, 2022, defendant Stephenson "knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of marijuana" in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(D);

Count Ten alleged that on December 16, 2022, defendant Stephenson "did knowingly use and carry a firearm, . . . during and in relation to, and did knowingly possess said firearm in furtherance of, a drug trafficking offense," that is, Counts One and Nine, in violation of 18 U.S.C. § 924(c)(1)(A)(i);

Count Eleven alleged that between June 1, 2023 and June 5, 2023, defendants Cowan, Broady, and Duncan "knowingly and intentionally distributed and possessed with intent to distribute a mixture and substance containing a detectable amount of marijuana" in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 18 U.S.C. § 2;

Count Twelve alleged that between June 1, 2023 and June 5 2023, defendants Cowan, Broady, and Duncan "did unlawfully and knowingly use and carry firearms, . . . during and in relation to, and did knowingly possess said firearms in furtherance of, a drug trafficking crime," that is, Counts One and Eleven, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and 2;

Count Thirteen alleged that on June 5, 2023, defendants Cowan, Broady and Duncan "knowingly and intentionally distributed and possessed with intent to distribute a mixture of substance containing a detectable amount of marijuana" in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 18 U.S.C. § 2;

Count Fourteen alleged that on June 5, 2023, defendants Cowan, Broady, and Duncan "did unlawfully and knowingly discharge, use and carry firearms, . . . during and in relation to a drug trafficking offense," that is, Counts One and Thirteen, in violation of Title 18 U.S.C. § 924(c)(1)(A)(iii), and 2;

Count Fifteen alleged that on June 5, 2023, defendant Broady, "knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding on year, . . . did unlawfully and knowingly possess a firearm" in violation of 18 U.S.C. § 922(g)(1);

Count Sixteen alleged that between June 6, 2023 and September 14, 2023, defendants Cowan, Broady, and Duncan "did knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of marijuana" in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 18 U.S.C. § 2;

Count Seventeen alleged that between June 6, 2023 and September 14, 2023, defendants Cowan, Broady, and Duncan "did unlawfully and knowingly use and carry firearms, . . . during and in relation to, and did knowingly possess said firearms in furtherance of, a drug trafficking crime," that is, Counts One and Sixteen, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and 2;

Count Eighteen alleged that on September 28, 2025, defendant Duncan "did unlawfully and knowingly use and carry a firearm, . . . during and in relation to, and did knowingly possess said firearm in furtherance of, a drug trafficking offense," that is, Count One, in violation of 18 U.S.C. § 924(c)(1)(B)(ii).

Count Nineteen alleged that on September 18, 2025, defendant Duncan "did unlawfully and knowingly use and carry a machinegun, . . . during and in relation to, and did knowingly possess said machinegun in furtherance of, a drug trafficking offense," that is, Count One, in violation of 18 U.S.C. § 924(c)(1)(B)(ii).  Third Superseding Indictment at 1–28.

## ANALYSIS

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial."  U.S. Const. amend. VI.  The speedy trial guarantee "is designed primarily to minimize the possibility of lengthy incarceration prior to trial, . . . and to

shorten the disruption of life caused by arrest and the presence of unresolved criminal charges." *United States v. MacDonald*, 456 U.S. 1, 8 (1982).

As the Supreme Court explained in *Barker v. Wingo*, 407 U.S. 514 (1972), "the right to speedy trial is a more vague concept" that cannot be "quantified into a specified number of days or month." *Id.* at 521, 523. Given the "difficulty of articulating a firm and fast time limit beyond which a defendant's right to a speedy trial would be deemed violated," courts apply a four-factor balancing test that was set out in *Barker*, "in which the conduct of both the prosecution and the defendant are weighed." *United States v. Jones*, 524 F.2d 834, 846 (D.C. Cir. 1975), quoting *Barker*, 407 U.S. at 530.

Under the test, the court considers: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. *Barker*, 407 U.S. at 530. The inquiry "necessitates a functional analysis of the right in the particular context of the case," *id*. at 522, and "[n]o single factor is necessary or sufficient to find a deprivation of the right to a speedy trial because the factors are related and must be considered together." *United States v. Bikundi*, 926 F.3d 761, 779 (D.C. Cir. 2019), citing *Barker*, 407 U.S. at 533.

## I.    The length of the delay

The first *Barker* factor "is actually a double enquiry." *Doggett v. United States*, 505 U.S. 647, 651 (1992). "[T]o trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." *Id.* at 651–52, quoting *Barker*, 407 U.S. at 530–31. In the D.C. Circuit, presumptive prejudice triggering the speedy trial analysis arises "when more than a year elapses between arrest and trial." *Jones*, 524 F.2d at 849. "If the accused makes this showing, the court

must then consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." *Doggett*, 505 U.S. at 652.

Although the thirteen-month interval in this case is "presumptively prejudicial," the Court cannot say that, as an individual factor, the length of delay has stretched into a violation of defendant's speedy trial right under the Sixth Amendment, especially given the complex nature of the case, the large volume of evidentiary material, the number of defendants, the periodic introduction of new lawyers to the mix, the addition of new defendants, and the repeated need to harmonize the schedules of extremely busy counsel. *Barker* explained that the length of delay "is necessarily dependent upon the peculiar circumstances of the case," and that "the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." *Barker*, 407 U.S. at 530–31. The D.C. Circuit, too, has taken the complexity of the case into account when determining whether similar or even longer delays than the one in this case were justified under the Sixth Amendment.

In *United States v. Bikundi*, 926 F.3d 761 (D.C. Cir. 2019), for example, the Court addressed a constitutional challenge to an eighteen-month delay between the defendant's indictment on healthcare fraud and money laundering, and a superseding indictment that charged eight additional co-defendants with twenty-seven total counts. *Id.* at 774–75. The defendants owned home healthcare service funded by a D.C. Medicaid program, and from 2009 to 2014, they directed employees to falsify numerous records to attain $80.6 million in public funds for their personal use. *Id.* at 775–76. The Court of Appeals held that the eighteen-month period did not violate defendant's speedy trial right, explaining that although the delay triggered the presumption of prejudice, it was justified "[g]iven the complex conspiracy charges at issue . . . , with voluminous discovery and multiple defendants." *Id.* at 780; *see United States v. Lopesierra-Gutierrez*,

708 F.3d 193, 202–03 (D.C. Cir. 2013) (three-and-a-half-year delay between indictment and trial justified where "the district court and numerous attorneys had to untangle a complicated and far-reaching conspiracy, execute fifteen extraditions, fairly treat all fifteen co-defendants, collect and decipher foreign evidence, and coordinate with foreign witnesses").

On the other hand, in *United States v. West*, 504 F.2d 253 (D.C. Cir. 1974), the Court held that a delay of thirteen months between arrest and trial "requires dismissal of the indictment when the issues of fact and law are not complex, and when court congestion rather than the acts of the defendant caused the delay." *Id.* at 257. That case involved a single defendant charged with one count of possession of stolen mail and a trial that was "short and required little pretrial preparation." *Id.* at 254, 256.

This case is comparable to the complex cases in which a longer pretrial period was warranted and found to be consistent with the Constitution. The second superseding indictment charged four co-defendants with two conspiracies spanning over five years – one to traffic marijuana and oxycodone, and the other to discharge, brandish, use, and carry firearms, including machine guns, during and in relation to, and to possess firearms in furtherance of, the drug trafficking offense. Second Superseding Indictment at 1–21. Defendant Broady was also charged with nine additional substantive counts for unlawful distribution and possession with intent to distribute marijuana; using, carrying, and possessing a firearm during, in relation to, and in furtherance of a drug trafficking offense; discharging, brandishing, using, and carrying a firearm during and in relation to, or possessing a firearm in furtherance of a drug trafficking offense; and unlawful possession of a firearm by a felon. Second Superseding Indictment at 21–28.

Notably, defendants themselves agreed early on that the case was complex for purposes of the Speedy Trial Act when they did not oppose the government's motion to certify the case as

complex under section 18 U.S.C. § 3161(h)(7)(B)(ii).  Mot. to Certify Case as Complex at 3.  And the government's description of the voluminous discovery involved, including large amounts of digital evidence recovered from multiple cell phones, remains a factor affecting the length of time appropriate for pretrial proceedings as the newly indicted co-defendant gets up to speed.  Finally, while there have now been two extensions of the trial date, neither was occasioned by the congestion of the court.

Therefore, even though the thirteen-month delay is enough to trigger the speedy trial analysis, it is not enough, standing alone, to warrant dismissal given the specific circumstances of this case.

## II.    The reason for the delay

"Closely related" to the length of delay, the second *Barker* factor looks at the reason for the delay, that is, "the reason the government assigns to justify the delay."  *Barker*, 407 U.S. at 531.  The Supreme Court has directed that "different weights should be assigned to different reasons." *Id.*  A "deliberate attempt" by the government "to delay the trial in order to hamper the defense" will weigh heavily against it, while "[a] more neutral reason such as negligence or overcrowded courts" will be "weighted less heavily."  *Id.*  Though weighted less, "delays due to the operation of the system also must be placed at the [g]overnment's door."  *Jones*, 524 F.2d at 849, citing *Barker*, 407 U.S. at 527, 529; *see Doggett*, 505 U.S. at 657 ("Although negligence is obviously to be weighed more lightly than a deliberate intent to harm the accused's defense, it still falls on the wrong side of the divide between acceptable and unacceptable reasons for delaying a criminal prosecution once it has begun.").

Defendant argues that "[m]any of the delays have resulted from Government requested continuances and superseding indictments." Mot. at 3. But that misrepresents the procedural record thus far.

The two significant delays in this case occurred when the Court continued the original April 9, 2025 trial date and the October 6, 2025 trial date, but neither of those can be blamed solely on the government. During the lead up to the April 9 date, it was defendants who continuously asked to extend and then missed the pretrial motions deadlines, and defendant Broady indicated that he would need to file a belated motion to suppress. Status Report [Dkt. # 98] at 2. And during that period of time, it was defendants who had difficultly convening a meeting to discuss the wired plea offers, which also stalled the pretrial process. The Court was explicit in its order continuing the first trial date that a continuance was necessary so that the defense could adequately brief their pretrial motions and prepare for the trial, and it was primarily for their benefit that the trial date was extended. *See United States v. Lynch*, 499 F.2d 1011, 1017–18 (D.C. Cir. 1974) ("[W]here a principal cause of postponement is the deliberate pace of the system of safeguards designed to protect the accused, the courts have been exceedingly reluctant to find constitutional infirmity even in very long delays.").

Further, while the continuance of the October 6 trial date did coincide with the second superseding indictment and the addition of defendant Duncan and his lawyer to the proceedings, the defense would not have been ready for trial on the first superseding indictment at that time because defendant Stephenson had just fired his attorney on August 21. Although Stephenson's dissatisfaction with his counsel is certainly not defendant Broady's fault, the Court cannot assign blame to the prosecution either. Also, it cannot blame the government for the fact that the trial was rescheduled for July 2026 – the prosecution was available to try the case much earlier in 2026,

but the many work and personal conflicts on the defense attorneys' calendars frustrated the Court's efforts to select an earlier date.

Therefore, because the delay in this case has not been caused by deliberate or negligent action on the part of the government, and both trial continuances were granted for the benefit of defendants, the Court finds that this factor does not weigh in favor of finding a violation of defendant Broady's speedy trial right under the Sixth Amendment.

### III.    Assertion of the right

The third factor focuses on "[w]hether and how a defendant asserts" his speedy trial right. *Barker*, 407 U.S. at 531. Here, defendant Broady noted his objection to the government's motion to continue the first trial date, and he has asserted his speedy trial right in the instant motion. Indeed, Broady has spoken up himself at many status conferences to express his desire for a speedy trial. But, as the government points out, the conduct of the defense during pretrial litigation was not entirely consistent with that position. In the lead up to the first trial date, defendant Broady missed all of the pretrial deadlines for raising constitutional or evidentiary objections to the admission of evidence against him, and more time was needed to preserve his rights. Under those circumstances, although Broady formally opposed the continuance for the record, the one-sentence opposition was a rather tepid assertion of his speedy trial rights. *See* Def.'s Opp. to Mot. to Continue Trial at 1 ("Mr. Broady has instructed counsel to object to the government's motion to continue."). In addition, after the first trial date was postponed to October 6, the government filed a motion in limine as to all the defendants, raising several arguments that must be briefed and ruled upon before trial. Gov't's Omnibus Mot. in Limine [Dkt. # 146]. And Broady has not yet filed anything in response. Therefore, given the overall conduct of the defense during the pretrial period, this factor does not weigh heavily in favor of finding a speedy trial violation.

#### IV.    Prejudice to the defendant

The final *Barker* factor focuses on the "prejudice to the defendant." *Barker*, 407 U.S. at 532. Prejudice "should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect," including: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Id*. The Court has emphasized that, "the most serious" interest "is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id.*

Defendant argues summarily that the delay "has caused significant prejudice, including but not limited to being in custody at the D.C. jail for over a year." Mot. at 3. There is no question that the pretrial delay has had a direct impact on the defendant's liberty. But he does not contend, and there appear to be no grounds in this record that would enable him to argue, that his ability to prepare a defense has been compromised by the delay. Indeed, it was the need to facilitate that preparation that prompted the original postponement of the trial date.

Therefore, overall, this factor does not support a finding that the defendant's constitutional right has been abridged.

### CONCLUSION

Based on the analysis of the *Barker* factors, the Court finds that defendant Broady's Sixth Amendment right has not been violated to date, and therefore, his motion to dismiss [Dkt. # 183] is **DENIED**. The Court notes, though, that while this motion was pending, the grand jury returned yet a third superseding indictment that included the new charge of first-degree, premeditated murder under the D.C. Code. This was a dramatic change to the nature of the case, and the defendants will need the time between now and the trial date they selected to prepare to address it.

31

However, given the length of time the case has already been pending, and the amount of time the government has had to explore the facts and refine its theory, the Court is not at all persuaded that it would be appropriate for the government to raise the stakes and cause further delay by superseding to add any additional charges at this point.


AMY BERMAN JACKSON
United States District Judge

DATE: December 2, 2025